UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6125 CAS (PJWx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | TODD BROWN, ET AL. v. U.S. BANCORP, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Deborah Gutierrez | | Wendy Miele |

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS** (filed 1/27/12)

## I.   INTRODUCTION AND BACKGROUND

On July 25, 2011, plaintiffs Todd and Renee Brown filed suit against U.S. Bancorp d/b/a U.S. Bank, as Trustee to Banc of America Funding Trust-H-Trust, Mortgage Pass-Through Certificates, Series 2006-H Trust ("U.S. Bank"); Bank of America, N.A., erroneously sued as Bank of America Corporation d/b/a BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP ("BANA"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Does 1-100, inclusive. Thereafter, plaintiffs filed a first amended complaint ("FAC") on October 11, 2011.

Plaintiffs' claims arise out of the foreclosure on real property located at 423 Dixon Street in Arroyo Grande, California ("the property"). Plaintiffs purchased the property with a loan in the amount of $639,800 issued by SCME Mortgage Bankers, Inc. ("SCME Mortgage"). Second Amended Complaint ("SAC") ¶ 1. The loan was secured by a deed of trust. Defendants' Request for Judicial Notice ("RJN"), Ex. B. On April 13, 2011, a notice of default was recorded against the property. RJN, Ex. C. On April 27, 2011, a corporation assignment of deed of trust was recorded reflecting that the interest in the deed of trust had been assigned to BAC Home Loans Servicing, LP ("BAC Home Loans"). RJN, Ex. D; SAC, ¶35. At the same time, a substitution of trustee was recorded substituting ReconTrust Company, N.A. ("ReconTrust") as the trustee under the deed of trust. RJN, Ex. E. On July 13, 2011, a notice of trustee's sale was recorded against the property. RJN, Ex. F.[1]

---

[1] Although when ruling on a Rule 12(b)(6) motion a court generally cannot consider materials outside of the complaint (e.g., facts presented in briefs, affidavits, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6125 CAS (PJWx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | TODD BROWN, ET AL. v. U.S. BANCORP, ET AL. | | |

    The gravamen of plaintiffs' claims is that defendants improperly attempted to transfer the loan to a trust in order to securitize it, but failed to do so by the closing date specified in the Pooling & Service Agreement ("PSA"), the agreement that was to govern the securitization of plaintiffs' mortgage. SAC ¶¶ 17, 20. According to plaintiffs, based on defendants' purported failure to properly securitize the note and deed of trust, defendants have no standing to foreclose on the property and no standing to collect mortgage payments. Id. ¶¶ 24–26. Plaintiffs admit that they owe money, but maintain that they "have offered to and are ready, willing, and able to unconditionally tender their obligation." Id. ¶ 44.

    Plaintiffs' FAC asserted seven claims: (1) declaratory relief; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e ; (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g); (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (5) violation of California Business and Professions Code section 17200 ("UCL"); (6) breach of contract; and (7) breach of the implied covenant of good faith and fair dealing.

    On December 19, 2011, the Court dismissed all but plaintiffs' third claim for violation of TILA as against BANA. Dkt. No. 26 at 11. In reaching this determination, the Court found that plaintiffs had not adequately pled facts to support their assertion that defendants have no legal interest in the mortgage. Id. at 4. The Court granted plaintiffs leave to amend each claim.

---

discovery materials), see In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004). Accordingly, the Court judicially notices the above listed documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6125 CAS (PJWx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | TODD BROWN, ET AL. v. U.S. BANCORP, ET AL. | | |

On January 6, 2012, plaintiffs filed their second amended complaint against U.S. Bank, BANA, and Does 1-10, inclusive (collectively "defendants"), reasserting six of the seven claims for relief alleged in the FAC: (1) declaratory relief; (2) violation of FDCPA; (3) violation of TILA (against BANA only); (4) violation of California UCL; (5) breach of contract; and (6) breach of the implied covenant of good faith and fair dealing. Plaintiffs also assert three new claims for relief: (1) quasi contract; (2) accounting; and (3) violations of California Civil Code § 2923.5 and § 2924.

On January 27, 2012 defendants moved to dismiss the SAC. Plaintiffs filed their opposition on February 6, 2012. Defendants replied on February 13, 2012. A hearing was held on February 27, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

**III.   LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6125 CAS (PJWx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | TODD BROWN, ET AL. v. U.S. BANCORP, ET AL. | | |

allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

### A.   Plaintiffs' Claim for Declaratory Relief

A litigant seeking relief under the Declaratory Judgment Act must show there is a real and substantial controversy remediable by specific relief. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937); see also Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941) ("[T]he question . . . is whether the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."). A DJA claim "brings to the present a litigable controversy, which otherwise might only be tried in the future." Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., Inc., 655 F.2d 938, 943 (9th Cir. 1981).

Under California law, a plaintiff has no right to bring suit to determine whether an entity initiating foreclosure is authorized to do so. Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1154-55 (2011) (explaining that California's "comprehensive" statutory scheme governing nonjudicial foreclosure provides "no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6125 CAS (PJWx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | TODD BROWN, ET AL. v. U.S. BANCORP, ET AL. | | |

grounds for implying such an action"). A plaintiff may, however, be able to bring suit when the complaint alleges a "*specific factual basis* for alleging" that foreclosure is unlawful. See id. at 1155 (emphasis in original). However, this basis must be supported by more than a bare assertion. See id.

Here, plaintiffs allege that defendants have no legal authority to foreclose on their home for three reasons. First, plaintiffs allege that when their mortgage was to be pooled with other mortgages, the entities involved did not adhere to the terms of the PSA. Second, plaintiffs contend that the assignment of their deed of trust was invalid because it was not assigned by an employee of MERS, the beneficiary. SAC ¶ 37. Finally, plaintiffs contend that the notice of default is invalid because it was issued by BANA before it received a beneficial interest in deed of trust. Id. ¶¶ 35, 36.

Defendants argue that plaintiffs do not have standing to enforce the PSA because plaintiffs are not a loan servicer, a party in a loan pool, or an investor in the loan trust. Mot. at 6 (citing California Civil Code § 2923.6; Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177 (N.D. Cal. 2009); Bascos v. Federal Home Mort. Corp., 2011 WL 3157063, *6 (S.D. Cal. 2011); In re Correia, 452 B.R. 319, 324 (1st Cir. BAP 2011)). Similarly, defendants contend that plaintiffs do not have standing to challenge the allegedly invalid assignment of the deed because they are not investors in the loan. Id. at 8.

In opposition, plaintiffs argue that they are not seeking "enforcement of the PSA," but rather are bringing "claims related to compliance with the PSA." Opp'n at 10.

The Court finds that plaintiffs have failed to state a claim for declaratory relief. In reaching this determination, the Court finds that plaintiffs lack standing to challenge the process by which their mortgage was securitized because they are not a party to the PSA. See In re Correia, 452 B.R. at 324 (holding that debtors, as non-parties to a PSA, do not have standing to challenge a mortgage assignment based upon non-compliance with the agreement). The distinction plaintiffs draw between actions to enforce an agreement and actions to ensure compliance is unavailing. Similarly, because plaintiffs are not investors in loan, they lack standing to challenge the allegedly invalid assignment. Finally, the allegation that BANA issued the notice of default before being assigned a beneficial interest in the deed of trust does not support a claim that the notice itself was illegitimate. In any event, plaintiffs cannot credibly claim any injury resulting from the allegedly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6125 CAS (PJWx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | TODD BROWN, ET AL. v. U.S. BANCORP, ET AL. | | |

improper issuance of the notice of default.  See Fontenot v. Wells Fargo, 198 Cal.App.4th 256, 272 (2011) ("If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender . . . .); Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 877 (N.D. Cal. 2010) ("Even assuming the failure to certify or register the notice was improper, [plaintiffs have] neither shown resulting prejudice nor even alleged it exists.").

In sum, plaintiffs' claim for declaratory relief must fail because plaintiffs have failed to demonstrate that there is a substantial controversy remediable by specific relief. See Aetna Life Ins., 300 U.S. at 240.  Because the Court finds that further leave to amend would be futile, the Court dismisses plaintiffs' claim for declaratory relief with prejudice. Schreiber Distrib. Co., 806 F.2d at 1401.

### B. Plaintiffs' Claims for Quasi Contract and Accounting

Because plaintiffs' claims for quasi contract and accounting are premised on the same allegations of improper conduct that the Court rejected in the proceeding section, these claims also fail.  Because the Court finds that leave to amend would be futile, the Court dismisses these claims with prejudice.  Schreiber Distrib. Co., 806 F.2d at 1401.

### C. Plaintiffs' Claim for Violation of the FDCPA

Plaintiffs allege that defendants violated the FDCPA by attempting to collect plaintiffs' mortgage payments when defendants knew they were never "assigned" a valid interest in the Loan.  SAC ¶67.  Plaintiffs' claim under the FDCPA is again premised on the theory that defendants do not have a valid lien on the property.  Specifically, they allege that defendants attempted to "collect on the Note under false pretenses, namely that they were assigned Plaintiffs' debt when in fact they were not." Id.

The Court finds that plaintiffs have failed to state a claim for an FDCPA violation. "To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'"  Izenberg v. ETS Servs., 589 F. Supp. 2d 1193, 1198–99 (C.D. Cal. 2008) (citation omitted).  As an initial matter, as discussed above plaintiffs do not have standing to challenge the assignment of any interest in the loan. Next, even if plaintiffs did have standing, plaintiffs have failed to establish that defendants are "debt collectors" within the meaning of the Act.  This is so because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6125 CAS (PJWx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | TODD BROWN, ET AL. v. U.S. BANCORP, ET AL. | | |

"activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA. Tina v. Countrywide Home Loans, Inc., 2008 WL 4790906, at *6 (S.D. Cal. Oct. 30, 2008).

Accordingly, the Court dismisses plaintiffs' FDCPA claim. Because the Court finds that further leave to amend would be futile, dismissal is with prejudice. Schreiber Distrib. Co., 806 F.2d at 1401.

### D. Plaintiffs' Claim for Violation of TILA

Plaintiffs allege that BANA failed to provide notice after it was assigned plaintiffs' mortgage in violation of TILA.[2] SAC ¶ 88.

TILA provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g)(1). Such notice must include: "(A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor." Id.

Defendants argue that plaintiffs have failed to state a viable TILA claim because plaintiffs' allegations indicate that they received written notice of the assignment. Mot. at 13. Specifically, defendants argue that plaintiffs admit that the assignment occurred "on or about April 11, 2011," and that plaintiffs do not deny that they received the notice of default, which was executed on April 27, 2011. Because the notice of default states that BAC Home Loans should be contacted concerning payments and foreclosure, defendants argue that plaintiffs received the information required under to TILA. Id. Defendants also maintain that plaintiffs cannot show damages for any alleged TILA violation because the foreclosure was due to plaintiffs' inability to pay, rather than plaintiffs' lack of notice of the assignment. Id. at 14.

---

[2] Although the Court gave plaintiffs leave to amend their TILA claim against U.S. Bank, plaintiffs have not done so in the SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6125 CAS (PJWx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | TODD BROWN, ET AL. v. U.S. BANCORP, ET AL. | | |

In opposition, plaintiffs deny that they received notice of the assignment and argue that the allegations in the SAC do not suggest otherwise. Opp'n at 19. Further, plaintiffs argue that they have adequately pled statutory damages such that actual damages need not be alleged. Id. at 20.

The Court rejects defendants' contention that the SAC establishes that BANA provided sufficient notice under TILA. Although plaintiffs do not deny receipt of the notice of default, this fact alone does not compel a finding that BANA provided the required notice because it is unclear whether plaintiffs received the notice of default within 30 days of the transfer to BANA. Furthermore, while the notice of default includes BANA's contact information, it fails to include information required under § 1641(g)(1) such as the date when the transfer to BANA occurred or the location where the transfer of ownership of the debt is recorded. See SAC, Ex. F; 15 U.S.C. § 1641(g)(1).

Next, the Court is satisfied that plaintiffs have sufficiently pled statutory damages, such that it is irrelevant whether they have pled actual damages. The Ninth Circuit has held that a TILA plaintiff is entitled to statutory damages even if no actual damage was suffered. In re Ferrell, 539 F.3d 1186, 1190 (9th Cir. 2008) ("The Truth in Lending Act provides a cause of action for consumers to obtain actual or statutory damages for a creditor's failure to comply with certain requirements of the Act."); DeMando v. Morris, 206 F.3d 1300, 1303 (9th Cir. 2000). Because plaintiffs allege that BANA "violated 15 U.S.C. § 1641 and is subject to statutory damages . . . ." SAC ¶ 96, their failure to allege actual damages is not fatal to their claim.

### E. Plaintiffs' Claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

As stated in the Court's December 19, 2011 order dismissing plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing without prejudice, the FAC "fail[ed] to explain how defendants misapplied plaintiffs' payments or how this misapplication caused overpayment." Dkt. No. 26 at 10. The SAC, fails—and indeed, makes no effort—to cure this deficiency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6125 CAS (PJWx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | TODD BROWN, ET AL. v. U.S. BANCORP, ET AL. | | |

Accordingly, Court dismisses plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Because the Court finds that further leave to amend would be futile, dismissal is with prejudice. Schreiber Distrib. Co., 806 F.2d at 1401.

**F.     Plaintiffs' Claim for Violations of California Civil Code §§ 2923.5 and 2924**

In the SAC, plaintiffs allege for the first time two violations of the California Civil Code. First, plaintiffs allege that in violation of California Civil Code § 2924 et seq., which governs non-judicial foreclosure of deeds of trust, BANA unlawfully directed ReconTrust to execute the notice of default even though BANA had not yet been assigned the mortgage. SAC ¶ 158. Plaintiffs further allege that in violation of California Civil Code § 2923.5, defendants unlawfully failed to confer with plaintiffs regarding foreclosure-avoidance options. Id. ¶ 162.

Defendants contend that plaintiffs have failed to state a claim for violation of California Civil Code § 2924 because the notice of default is valid because there is no defect in the chain of title. Mot. at 21. Further, defendants argue that plaintiffs' claim pursuant to California Civil Code § 2923.5 fails because plaintiffs admit elsewhere in the SAC that alternatives to foreclosure were explored. Id. (citing SAC ¶¶ 22–23).

As an initial matter, in its December 19, 2011 order, the Court did not grant plaintiffs leave to add claims not pled in the FAC. The absence of such leave provides an independent basis for dismissal of plaintiffs' claims for violations of §§ 2924 and 2923.5. Fed. R. Civ. P. 15(a)(2) (Where a party is not amending as a matter of right, "the party may amend its pleading only with the opposing party's written consent or the court's leave"); Hoover v. Blue Cross and Blue Shield of Alabama, 855 F.2d 1538, 1544 (11th Cir. 1988) (holding that a court need not consider additional claims in an amended complaint when leave to amend has not been granted for those claims; without leave to amend, an amendment is without legal effect). In any event, the Court finds that plaintiffs have failed to state claims for violations of §§ 2924 and 2923.5, and that leave to amend these claims would be futile.

First, the Court finds that plaintiffs have failed to state a claim for violation of California Civil Code § 2924. Section 2924(a)(1) provides: "[t]he trustee, mortgagee, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6125 CAS (PJWx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | TODD BROWN, ET AL. v. U.S. BANCORP, ET AL. | | |

beneficiary, or any of their authorized agents" may commence the non-judicial foreclosure process by recording and serving a notice of default. Here, the notice of default plainly states that ReconTrust, which recorded the notice of default, acted as an agent for MERS, the beneficiary under the deed of trust. RJN, Ex. C. Under § 2924(a)(1), this was not improper.

Next, the Court finds that plaintiffs' claim for violation of § 2923.5 is negated by the pleadings. California Civil Code § 2923.5 requires that at least 30 days prior to issuing a notice of default, a mortgagee, beneficiary, or authorized agent must contact a borrower in order to assess the borrower's financial situations and to explore options to avoid foreclosure. Cal. Civ. Code § 2923.5(a)(2), (g). Here, plaintiffs admit that in November, 2010, they initiated loan modification negotiation efforts with BANA, which BANA ultimately rejected in April, 2011. SAC ¶¶ 21–22. Because plaintiffs admit that they discussed loan modifications with BANA well before the notice of default was recorded, their allegation that defendants failed to comply with § 2923.5 fails. See Davenport, 725 F. Supp. 2d at 877 (dismissing § 2923.5 claim because plaintiffs' allegation of loan modification talks negated a claim that § 2923.5 was violated).

Accordingly, defendants' motion to dismiss plaintiffs' claim for violations of California Civil Code §§ 2923.5 and 2924 is GRANTED. Because leave to amend would be futile, dismissal is with prejudice. Schreiber Distrib. Co., 806 F.2d at 1401.

### G. Plaintiffs' UCL Claim

The California UCL provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof Code § 17200. The statute is phrased in the "disjunctive," and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001). California's UCL "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (1992) (quotation omitted). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." Plascencia v. Lending 1st Mortgage, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6125 CAS (PJWx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | TODD BROWN, ET AL. v. U.S. BANCORP, ET AL. | | |

As discussed above, all of plaintiffs' underlying claims fail except for plaintiffs' TILA claim against BANA. Therefore, plaintiffs' UCL claim can survive only insofar as it is premised on BANA's alleged violation of TILA. To the extent plaintiff's UCL claim is predicated on other purported violations, the claim is dismissed with prejudice.

## IV.   CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss plaintiffs' claims for declaratory relief, quasi contract, accounting, violation of the FDCPA, breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of California Civil Code §§ 2923.5 and 2924 with prejudice. Plaintiffs' TILA claim is dismissed with prejudice to the extent it is predicated on any purported violation other than BANA's alleged failure to provide notice of the assignment of the deed of trust. Plaintiffs' UCL claim is dismissed with prejudice except to the extent it is premised on BANA's alleged failure to provide notice of the assignment. Defendants are ordered to file their answer within **twenty (20)** days of the date of this order.

IT IS SO ORDERED.

|  |  | 00 | : | 08 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |